UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


TONYA KIEL,

       Plaintiff,                                                   Hon. Janet T. Neff

v.                                                                           Case No. 1:09-CV-239

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act. Section 405(g) limits the Court to a review of the administrative record, and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. Pursuant to 28 U.S.C. § 636(b)(1)(B), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of social security appeals, the undersigned recommends that the Commissioner's decision be **affirmed**.

## STANDARD OF REVIEW

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984).

As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial

interference.  *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted).  This standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision.  *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## **PROCEDURAL POSTURE**

Plaintiff was 42 years of age at the time of the ALJ's decision.  (Tr. 17).  She earned an Associate's Degree and worked previously as a salesperson and office manager.  (Tr. 507-09).

Plaintiff applied for benefits on July 6, 2005, alleging that she had been disabled since February 10, 2003, due to back pain.  (Tr. 79-81, 119).  Plaintiff's applications were denied, after which time she requested a hearing before an Administrative Law Judge (ALJ).  (Tr. 22-78).  On June 24, 2008, Plaintiff appeared before ALJ John Mondi.  (Tr. 503-18).  In a written decision dated August 29, 2008, the ALJ determined that Plaintiff was not disabled as defined by the Social Security Act.  (Tr. 15-21).  The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter.  (Tr. 5-8).  Plaintiff subsequently initiated this pro se appeal pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

Plaintiff's insured status expired on December 31, 2007.  (Tr. 17).  To be eligible for Disability Insurance Benefits under Title II of the Social Security Act, Plaintiff must establish that she became disabled prior to the expiration of her insured status.  *See* 42 U.S.C. § 423; *Moon v. Sullivan*, 923 F.2d 1175, 1182 (6th Cir. 1990).

3

## RELEVANT MEDICAL HISTORY

X-rays of Plaintiff's lumbar spine, taken on February 10, 2003, revealed "minimal loss of height of L3," but no evidence of fracture, malalignment, or other abnormality. (Tr. 308). X-rays of Plaintiff's left knee, taken on February 28, 2003, were "normal" with no evidence of fracture or dislocation. (Tr. 304). On March 26, 2003, Plaintiff participated in an MRI examination of her left knee, the results of which revealed "small joint effusion," but were "otherwise negative." (Tr. 289).

On May 7, 2003, Plaintiff participated in a discography examination, the results of which revealed degenerative changes at L5-S1 with no reproduction of Plaintiff's lower back pain. (Tr. 281-82). On May 20, 2003, Plaintiff was instructed to participate in a water exercise program, lose weight, and "get more fit." (Tr. 275-76).

On July 17, 2003, Plaintiff underwent arthroscopic surgery on her left knee to treat patellar compression syndrome. (Tr. 262-63).

On September 11, 2003, Plaintiff was examined by Dr. Vincent Prusick. (Tr. 159-60). Plaintiff reported that she was experiencing low back pain. (Tr. 159). Plaintiff reported that her pain ranged from 7-10 on a scale of 1-10. (Tr. 159). Plaintiff was "sensitive" to palpation, but straight leg raising was negative. (Tr. 159-60). A review of previously taken x-rays and MRI films revealed "minor" degenerative changes, with no evidence of instability or other abnormality. (Tr. 160). Plaintiff was diagnosed with "muscular deconditioning." (Tr. 160).

On September 18, 2003, Plaintiff participated in a whole body bone scan, the results of which revealed degenerative changes at L4-L5 and L5-S1, but was otherwise "unremarkable." (Tr. 251).

On February 2, 2004, Plaintiff underwent a medial branch block at L3 through S1. (Tr. 230-31). Plaintiff experienced a "good response" to this treatment and on February 24, 2004, she underwent a follow-up radiofrequency denervation procedure to treat the same areas. (Tr. 224-25). On March 4, 2004, Plaintiff rated her pain as 2/10 and reported that "almost all pain is gone." (Tr. 223). On April 1, 2004, Plaintiff rated her pain as 3-4/10. (Tr. 222).

On June 30, 2004, Plaintiff was examined by Dr. Edward Brophy. (Tr. 156-57). Plaintiff reported that she was experiencing left knee pain. (Tr. 156). An examination of Plaintiff's knee revealed crepitus and tenderness to palpation. (Tr. 156). Plaintiff exhibited full range of motion and good muscle strength. (Tr. 156). X-rays revealed degenerative changes, with no evidence of fracture or lesions. (Tr. 158).

On November 1, 2004, Plaintiff underwent a radiofrequency denervation procedure to treat L3 through S1. (Tr. 193). On November 22, 2004, Plaintiff reported that her back pain was "better." (Tr. 192). Specifically, she rated her pain as 3/10. (Tr. 192).

On January 11, 2005, Plaintiff participated in an MRI examination of her lumbar spine, the results of which revealed a "mild" disc bulge at L3-4 and "mild" degenerative spurring at L5-S1, but was "otherwise negative." (Tr. 186).

Treatment notes dated March 11, 2005, indicate that Plaintiff's pain was decreased following a recent injection treatment. (Tr. 175). Treatment notes dated June 10, 2005, indicate that Plaintiff was "working out one hour per day six days a week, sometimes with a trainer, and that she is quite competitive about this working out." (Tr. 163).

On January 13, 2006, Plaintiff participated in a functional capacity assessment, the results of which revealed that during a work day she can sit for 2-3 hours, stand for one hour, and

5

walk for 2-3 hours. (Tr. 403). The examiner reported that Plaintiff can carry 17 pounds with her right upper extremity and 22 pounds with her left upper extremity. (Tr. 403). The examiner concluded that Plaintiff was capable of performing sedentary work with a sit-stand option. (Tr. 403).

Treatment notes dated June 27, 2006, indicate that Plaintiff "has lost quite a bit of weight and looks terrific." (Tr. 477). Plaintiff reported that she has been doing Pilates which "has helped her pain quite a bit." (Tr. 477).

## **ANALYSIS OF THE ALJ'S DECISION**

The ALJ determined that Plaintiff suffers from discogenic and degenerative disorders of the spine and osteoarthritis of the knees, severe impairments that whether considered alone or in combination, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (Tr. 18-19). The ALJ determined that Plaintiff's past relevant work as an office manager was sedentary in nature and her past relevant work as a salesperson was light in nature. (Tr. 20-21). The ALJ further determined that Plaintiff retained the ability to perform her past relevant work. (Tr. 21). Accordingly, the ALJ concluded that Plaintiff was not disabled as defined by the Social Security Act.

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a

---

[1]1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. 404.1520(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. 404.1520(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled"

6

dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining his residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and she can satisfy her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work, and cannot, considering her age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528.

While the burden of proof shifts to the Commissioner at step five of the disability determination procedure, Plaintiff bears the burden of proof through step four, the point at which her residual functioning capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

With respect to Plaintiff's residual functional capacity, the ALJ determined that Plaintiff retained the capacity to perform light and sedentary work, subject to the following limitations: (1) she can stand and/or walk at least two hours during an 8-hour workday, but can do so for "less than the full day;" and (2) she can only occasionally kneel, stoop, crouch, crawl, or

---

will be made without consideration of vocational factors (20 C.F.R. 404.1520(d));

4. If an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. 404.1520(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. 404.1520(f)).

climb. (Tr. 19). After reviewing the relevant medical evidence, the Court concludes that the ALJ's determination as to Plaintiff's RFC is supported by substantial evidence.

At step four of the sequential process, the ALJ determined that Plaintiff retained the ability to perform her past relevant work as an office manager and salesperson. As previously noted, Plaintiff is proceeding in this matter without benefit of counsel. Plaintiff has failed to respond to the Court's Order directing the parties to submit briefs in support of their respective positions. Plaintiff's pleadings contain no articulation or description of any rationale in support of her appeal. In sum, Plaintiff has failed to identify any specific error in the ALJ's analysis or reasoning and, moreover, has failed to articulate any rationale that would support a ruling in her favor in this Court. While the Court must read Plaintiff's pleadings indulgently, it cannot act as counsel for Plaintiff and attribute to Plaintiff arguments which do not find their genesis in Plaintiff's pleadings. Nevertheless, the Court has thoroughly reviewed the record to determine whether the ALJ's decision suffers from any obvious defects or deficiencies. This review revealed nothing which calls into question the ALJ's decision making process, the legal standards he applied, or the substantiality of the evidence in support of his decision. Accordingly, while the Court does not doubt that Plaintiff's impairments impose upon her some degree of discomfort and limitation, the ALJ's determination that such are less than disabling in severity is supported by substantial evidence.

## **CONCLUSION**

For the reasons articulated herein, the undersigned concludes that the ALJ's decision adheres to the proper legal standards and is supported by substantial evidence. Accordingly, it is recommended that the Commissioner's decision be **affirmed**.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date: January 20, 2010 /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge